IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01590-BNB

JUSTIN JOSEPH RUEB,

    Applicant,

v.

CALIFORNIA DEPT. OF CORRECTIONS, and
LARRY REID,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Justin Joseph Rueb, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Rueb initiated this action by filing *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) in the United States District Court for the Central District of California (Central District of California). He is challenging the execution of his California and Colorado sentences. He previously initiated a similar action in this Court, which was dismissed for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. **See Rueb v. California Dept. of Corrections**, No. 07-cv-00685-ZLW (D. Colo. May 4, 2007). On July 18, 2007, the Central District of California transferred the instant action to this Court.

On August 2, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Rueb within thirty days to cure certain deficiencies in this case. On August 17, 2007, Mr. Rueb

cured the designated deficiencies by filing a 28 U.S.C. § 2241 (1994) application on the proper, Court-approved form. He also submitted two supporting briefs and a receipt demonstrating that he had paid the $5.00 filing fee in the Central District of California.

The Court must construe the 28 U.S.C. § 2241 application liberally because Mr. Rueb is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110.

Mr. Rueb alleges that he received a five-year sentence pursuant to a 1997 Colorado conviction, which later was vacated, and that in 2003 he was retried, reconvicted, and received instead an increased, twenty-four-year sentence. He also alleges he was convicted in California in 1998 and received a twenty-eight-year sentence.

He premises his habeas corpus challenge on the alleged conflict that exists between the terms of his Colorado and California sentences. According to Mr. Rueb, his twenty-eight-year, 1998, California sentence was imposed to run consecutively to his five-year, 1997, Colorado conviction, which was vacated, while his twenty-four-year, 2003, Colorado conviction was imposed to run concurrently with his twenty-eight-year California sentence.

Mr. Rueb complains that the California Department of Corrections (California DOC) has refused to accept him into its custody until he has completed his Colorado sentence. He claims that Colorado prison authorities intended to transfer him to the California DOC, but that the California DOC falsely informed the Colorado prison authorities that his California sentence would run concurrently with his Colorado

sentence. Mr. Rueb contends that his California sentence is, in fact, still running consecutively to his Colorado sentence, and that the California DOC deliberately has misled the Colorado authorities into thinking otherwise. As a result, Colorado continues to hold Mr. Rueb in custody.

Mr. Rueb clearly disagrees with the manner and order in which he is serving his Colorado and California state sentences, and dislikes the fact that he is being required to serve his Colorado sentence before serving the remainder of his California sentence. He also apparently fears that he will not be given credit for serving the majority of the California sentence concurrently with his Colorado sentence, an issue better addressed in the Central District of California.

Such an arrangement, i.e., being required to serve his Colorado sentence before serving the remainder of his California sentence, is perfectly acceptable. The law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted prisoner." **Hernandez v. United States Attorney General**, 689 F.2d 915, 919 (10th Cir. 1982). As long as a prisoner owes a sentence of servitude to each sovereign involved, he may not complain of or choose the manner or order in which he is required to serve the sentences. **Hayward v. Looney**, 246 F.2d 56, 57 (10th Cir. 1957); **Mitchell v. Boen**, 194 F.2d 405, 407 (10th Cir. 1952). Two sovereigns "are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion." **Causey v. Civiletti**, 621 F.2d 691, 694 (5th Cir. 1980). Mr. Rueb is not being forced to serve his sentences piecemeal. Rather, he simply is being allowed to serve all confinement resulting from

his Colorado sentence before he serves the remainder of his California sentence. The habeas corpus application, therefore, will be denied.

To the extent Mr. Rueb seeks to challenge what he contends to be California's decision not to run his California sentence concurrently with his Colorado sentence, he must do so in California. By transferring the instant action to this Court, the Central District of California already has expressed its unwillingness to address this issue. However, it is in California that his challenge and his recourse, if any, lies. **See Braden v. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484 (1973). Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01590-BNB

Justin Joseph Rueb
Prisoner No. 94567
CSP – Unit A6-17
PO Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/20/07.

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk